UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JETSON LAWRENCE BRYANT,

      Movant,

                                                                                File No. 1:16-cv-688

v.

                                                                                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
_____/

## **O P I N I O N**

This is an action to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On September 23, 2011, Movant pleaded guilty to armed robbery of a financial institution, 18 U.S.C. § 2113(a) & (d), and brandishing a firearm in furtherance of a "crime of violence" (i.e., armed bank robbery), 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Plea Agreement, *United States v. Bryant*, 1:11-cr-197 (W.D. Mich.), ECF No. 16.) The Court sentenced him to a term of imprisonment of 204 months for the armed robbery conviction, and a consecutive term of 84 months for the firearm conviction. (*See* J., *United States v. Bryant*, 1:11-cr-197 (W.D. Mich.), ECF No. 28.) Movant filed this action on or about June 6, 2016, asserting two grounds for relief (ECF No. 1). For the reasons discussed herein, the motion will be denied.

### I.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. After such a motion is filed, the Court must "promptly examine" it and then "dismiss" it if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Movant raises two grounds for relief. First, he contends that his sentence for the firearm conviction is based on a statutory provision that is unconstitutionally vague, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, he contends that the decision in *Johnson* means that he no longer qualifies for the career-offender enhancement in the Sentencing Guidelines. Both claims are plainly without merit.

**A. Impact of *Johnson* on sentence under 18 U.S.C. § 924(c)**

Movant claims that the *Johnson* decision impacts his sentence under 18 U.S.C. § 924(c). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The ACCA sets a statutory minimum sentence for a felon with three or more prior convictions for a violent felony. The residual clause defines a violent felony as any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

The statutory section on which Movant's sentence is based, 18 U.S.C. § 924(c), also contains a residual clause. It sets a minimum sentence for a person who, "during and in

relation to any *crime of violence* . . . uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A) (emphasis added). For purposes of subsection 924(c), a "crime of violence" is a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

*Id.* § 924(c)(3) (emphasis added). The italicized text above is the residual clause for defining a crime of violence in § 924(c).

Movant's reliance on *Johnson* is unavailing because the Supreme Court did not examine the residual clause in § 924(c), which is worded differently than the residual clause in the ACCA. Indeed, the Sixth Circuit has examined the residual clause in § 924(c) and determined that the analysis in *Johnson* does not apply. *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016). Consequently, Movant's claim is foreclosed by *Taylor*.

**B. Impact of *Johnson* on sentence under the Sentencing Guidelines**

Movant also claims that *Johnson* renders his sentence invalid under the Sentencing Guidelines. The Court determined that Movant was a career offender under § 4B1.1 of the Guidelines. The career-offender enhancement applies when (1) the defendant is at least 18 years old at the time of conviction; (2) the instant offense is a felony that is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of a "crime of violence" or a controlled substance offense. U.S.S.G. § 4B1.1(a).

The definition of "crime of violence" in the Guidelines contains a residual clause like that in the ACCA. A crime of violence includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). Like the residual clause in the ACCA, the residual clause in § 4B1.2 is unconstitutionally vague. *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *4, *8 (6th Cir. May 13, 2016).

In Movant's case, the career-offender enhancement would apply even without the residual clause. As indicated in the Presentence Investigation Report prepared in his criminal case, Movant is a career offender based on a 1994 conviction for six counts of bank robbery under federal law, and two convictions in 2000 for a total of four counts of bank robbery under federal law. Movant's prior convictions for bank robbery are not impacted by the decisions in *Johnson* and *Pawlak*. Application Note 1 to § 4B1.2 expressly includes robbery in the definition of crime of violence. *Cf. United States v. Stephens*, No. 15-5553, 2016 WL 3194689, at *2 (6th Cir. June 9, 2016) (noting that "*Johnson* left intact the guidelines' career-offender application notes," which have "binding application"). Thus, the Court did not need to rely on the residual clause to apply the career-offender enhancement. Consequently, Movant's second claim is also without merit.

## II.

In summary, the motion under § 2255 will be denied because it is plainly without merit.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this Opinion shall be entered.


Dated: June 14, 2016                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE